HYDE v. HAAK.

NEW TRIAL—WEIGHT OF EVIDENCE—THIRD VERDICT.

> After two verdicts in favor of plaintiff have been set aside as against the weight of the evidence, the court is justified in refusing to set aside the third verdict in his favor for the same reason, where there is substantial evidence to support it. HOOKER, C. J., dissenting.

Error to Cheboygan; Shepherd, J. Submitted February 6, 1903. (Docket No. 76.) Decided March 5, 1903.

Replevin by Robert N. Hyde and others against Jacob A. Haak and others. From a judgment for plaintiffs, defendants bring error. Affirmed.

*Frost & Sprague* and *Charles D. Barghoorn*, for appellants.

*Cross & Harpster*, for appellees.

GRANT, J. This suit involves the value of 326 cedar railroad ties. Each party claims title. The title depends upon whether the ties were cut from, and through a trespass upon, the lands of the defendants, or upon other lands. If cut from the lands of the defendants, the title is in them. If cut from the other lands, the title is in the plaintiffs. There have been three trials before a jury, and each time a verdict has been rendered in favor of the plaintiffs. Twice the court below set the verdict aside, upon the motion of the defendants, on the ground that the verdict was against the weight of the evidence. After three verdicts, the court refused to grant a new trial. Defendants now ask that this action of the circuit court be reviewed.

It is unnecessary to review the testimony. There was substantial evidence in behalf of the plaintiffs. Three

juries have believed the witnesses on the part of the plaintiffs, rather than those in behalf of the defendants. It is not contended that there is not a conflict of evidence, so that the question is a proper one for the jury. After three juries have passed upon it, we think the court below was justified in refusing a fourth trial.

Judgment affirmed.

MOORE, CARPENTER, and MONTGOMERY, JJ., concurred with GRANT, J.

HOOKER, C. J. I think that a new trial and change of venue should be granted.